**EXPLANATORY COMMENT**

In 2013, the Domestic Relations Procedural Rules Committee (the "Committee") recognized there was a wide disparity in pre-trial procedures in custody cases among the various judicial districts. By adopting this rule, the Supreme Court established uniform state-wide pre-trial procedures in custody cases. With an eye toward reducing custody litigation, the rule encourages early preparation and court involvement for purposes of expedited resolutions. The rule was based upon the pre-trial procedures in divorce cases as set forth in Pa.R.C.P. No. 1920.33(b). The rule does not affect, however, the First Judicial District's practice of conducting a pre-trial conference upon the filing of a motion for a protracted or semi-protracted trial.

In 2015, the Committee expressed concern the rule as previously adopted by the Supreme Court allowed for an interpretation contrary to the intent of the rule. The Committee proposed and the Court adopted an amendment to the rule to clarify the rule's mandate as it relates to witnesses. As a goal of any pre-trial conference is to settle the case, in whole or in part, the Committee believed a best practice in reaching that goal is having a thorough knowledge of the case, including the substance of anticipated witness testimony. As amended, the rule plainly states that counsel or a self-represented party is required to discuss with the witness their testimony prior to including the witness on the pre-trial statement.

Unlike Pa.R.C.P. No. 1920.33(b), the rule does not require inclusion of a summary of the witness's testimony in the pre-trial statement; but rather, an affirmation by counsel or self-represented party that there was actual communication with each witness about the witness's testimony. With the additional information from witnesses, counsel, self-represented parties and the trial court can better engage in more fruitful settlement discussions at the pre-trial conference.